## THOMPSON et al. v. THOMPSON et al.

No. 26313.   June 30, 1936.

Rehearing Denied Sept. 15, 1936.

William Neff and Louis E. Neff, for plaintiffs in error.

LaFayette Walker, for defendants in error.

PER CURIAM. Thomas Thompson died on April 1, 1931, intestate, leaving as his survivors Martha Thompson, Lorena Thompson, now Minyard, and William T. Thompson, his children by his wife Martha.

On April 19, 1933, the surviving wife and children above named filed a petition in the county court to determine the heirs of Thomas Thompson. Thereafter, to wit, on January 2, 1934, Mamie Thompson and George Thompson, by their guardian, filed pleadings in said cause contending that they were entitled to inherit as illegitimate children of Thomas Thompson, having been adopted by him prior to his death under the provisions of section 1715, O. S. 1931, which reads as follows:

"The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The status thus created is that of a child adopted by regular procedure of court."

The county court held against Mamie and George Thompson. They then appealed to the district court, and from an adverse ruling of that court they have appealed to this court.

To establish their claim of legitimation under the above section, Mamie Thompson and George Thompson must sustain the burden of proof of the following elements: (1) Illegitimacy. That they are illegitimate children. (2) Paternity. That Thomas Thompson was their father. (3) Public acknowledgment. That he publicly acknowledged them as his own children during their minority. (4) Reception into family with wife's consent. That they were received into his family with his wife's consent, given with knowledge of the illegitimacy. (5) Treatment as legitimate. That he otherwise treated plaintiffs in error as if they were his legitimate children. See In re Buffington's Estate, 169 Okla. 487, 38 P. (2d) 22; In re Flood's Estate, 217 Cal. 763, 21 P. (2d) 579.

The plaintiffs in error have met the burden of proof of all of the above elements except number (4) thereof, and the question involved in this appeal is: Did plaintiffs in error by a preponderance of the evidence show the consent of adoption by Martha Thompson, the wife of the deceased? The testimony with reference to the consent of Martha Thompson is as follows: That the plaintiffs in error had accompanied Thomas Thompson and Martha Thompson on a trip; that Martha did not object to the acts of Thomas Thompson in buying clothes and shoes for the plaintiffs in error; one witness tes.ified that she had seen plaintiffs in error visiting in Martha's home and Martha told her that "she would never say anything"; another testified that he had seen them in Martha's home and that she made no objection; several others testified that they had seen plaintiffs in error at Thomas Thompson's house when Martha was present; another testified that Martha gave her clothes to take to the plaintiffs in error.

It is the contention of the plaintiffs in error that Martha "manifested her consent by words and by conduct." It is true that consent can be given by conduct, but the question here is whether or not the above testimony is sufficient to show that Martha gave her consent to the adoption of the plaintiffs in error. We think not. Her conduct was that of tolerance rather than consent.

It is a well-settled rule of law in this state that this court will not, on an appeal from the district court in a trial de novo from the county court in a probate matter, disturb the findings and judgment of the trial court on review, unless such findings and judgment are clearly against the weight of the evidence. See Wise v. Cutchall et al., 171 Okla. 60, 41 P. (2d) 864; In re Noel's Heirship, 156 Okla. 177, 10 P. (2d) 259; McDougal v. Kersey, 108 Okla. 231, 236 P. 7. In this case the judgment is not against the clear weight of the evidence; therefore the judgment of the lower court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Floyd L. Rheam, Harry Campbell, Jr., and Paul Avis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Rheam and approved by Mr. Campbell and Mr. Avis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and RILEY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur.