BURNS v. LAWSON, Adm'r, et al.

No. 29606.   Nov. 19, 1940.

*107 P. 2d 555.*

Ross Rizley and Vincent Dale, both of Guymon, for plaintiff in error.

Charles Miles, of Beaver, and Bierer & Bierer, of Guthrie, for defendants in error.

HURST, J.   Plaintiff, Irene Virginia Burns, commenced this action in the county court of Beaver county by filing

an application to be declared to be the sole heir of Green B. Lawson, deceased. The county court rendered judgment in her favor, and defendants, the executor of the last will and testament of Lawson and the beneficiaries under the will, appealed to the district court, where the case was tried de novo. From an adverse judgment, plaintiff appeals.

Plaintiff makes two contentions: (1) That the judgment is clearly against the weight of the evidence; and (2) that the trial court erred in refusing to grant a new trial on the ground of newly discovered evidence. These will be disposed of in order.

1. The first contention necessitates a brief review of the evidence. Plaintiff claimed to be the illegitimate child of Green B. Lawson, and that he had acknowledged in writing that he was her father, as required by section 1619, O. S. 1931, 84 O.S.A. § 215. There was no evidence of adoption as provided by section 1715, O. S. 1931, 10 O.S.A. § 55. While the evidence showed that shortly after the birth of plaintiff her mother had received a sum of money from Green B. Lawson, in consideration of which she had executed and acknowledged a written instrument, the evidence as to the contents of the instrument, and whether or not it had also been signed by Lawson, was sharply conflicting. No copy of the instrument was produced by either side nor was any witness produced who saw Lawson sign it. The mother of plaintiff testified that she did not receive a copy, but that she was sure that it was signed by Lawson, and that it contained an acknowledgment that he was the father of plaintiff. Other witnesses for plaintiff testified to having seen the instrument, but could not remember whether Lawson's signature was on it. The evidence of defendants tended to prove that the instrument was only a release from liability, and that Lawson paid the money because of a threat of criminal prosecution. The trial court submitted to a jury the question of whether or not Lawson signed, in the presence of a competent witness, an acknowledg-ment in writing that he was the father of plaintiff, and the unanimous verdict was that he did not. While the trial court was not bound by the verdict of the jury (Sam v. Sam, 172 Okla. 342, 45 P. 2d 462), his conclusion was in accord therewith, and we fail to find in the record any evidence which would justify a contrary finding. The judgment was not clearly against the weight of the evidence.

2. To her motion for new trial on the ground of newly discovered evidence plaintiff attached the affidavits of three persons. These affidavits, in substance, stated that each affiant had seen the written instrument above referred to, and that it bore the signature of Green B. Lawson, and recited that he was the father of plaintiff. The affidavits also stated that Lawson admitted that he was plaintiff's father.

Without regard to whether such evidence was cumulative, we do not agree that such evidence, if produced at another trial, would change the result. If, as the affidavits state, the instrument was signed by Lawson, still there is no evidence that it was signed in the presence of a competent witness, as required by section 1619. All the evidence upon this point negatives such assumption. This requirement of the statute is plain and unambiguous, and we are cited to no authority holding that it may be disregarded or ignored. In Kelly v. Scott, 125 Okla. 208, 257 P. 303, the only case cited by plaintiff in this connection, it is stated to be necessary to the sufficiency of such an acknowledgment. In the absence of a showing that the signing of the writing was in the presence of a competent witness, the offered evidence would, if undisputed, fall short of the statutory requirements, and therefore be insufficient to support a judgment for plaintiff. The trial court did not err in overruling the motion.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and NEFF, JJ., concur.