DOTY v. VENSEL et al.

No. 30513.   April 7, 1942.

*124 P. 2d 982.*

462

J. B. Underwood, of Tulsa, for plaintiff in error.

Duff & Manatt, of Tulsa, for defendants in error.

CORN, V.C.J. This is an appeal from the district court of Tulsa county, in an action wherein DeVern Vensel Doty was plaintiff, and Robert D. Hudson, as executor, and Mrs. DeVern Vensel, as executrix of the estate of DeVern Vensel, deceased, were defendants. Judgment was for the defendants, and the plaintiff appealed. The parties are referred to as plaintiff and defendants in the same order as in the trial court.

DeVern Vensel died in the city of Tulsa, Okla., during the year 1938, and his will was admitted to probate. His wife, Mae Vensel, and his son-in-law, Robert D. Hudson, were appointed executors of his estate.

This action arose when DeVern Vensel Doty, a resident of the state of New Jersey, claiming as an illegitimate son, filed his petition in the probate matter in the county court of Tulsa county, alleging that the said DeVern Vensel died intestate so far as petitioner was concerned, and asking that the executors be required to file a final report and a petition for distribution recognizing him as one of the heirs of said deceased and entitled to a one-third share in said estate, and that the estate be settled and final distribution made in accordance therewith.

Upon a hearing of his petition in the county court the same was denied, and petitioner appealed to the district court of said county, where said case was tried de novo and judgment rendered for the defendants and against said petitioner, the plaintiff.

The only question involved in this appeal is the sufficiency of the proof to meet the requirement of the statute in such cases.

In this case the putative father and the mother of said child lived in the state of Pennsylvania at the time of the birth of the child, and for some years thereafter. The defendants introduced in evidence paragraphs 94 and 95 of the Laws of Inheritance, as compiled and reported in Purdon's Digest of the Pennsylvania Statutes, vol. 20, p. 56, the same being as follows:

"Paragraph 94. Law of Inheritance of illegitimate from father unchanged.

"The intent of this section is to legitimate an illegitimate child only so far as is provided by clauses (a) and (b) hereof. This section is not intended to change the existing law with regard to the father of such a child, and his heirs and next of kin. (1917, June 7, P. L. 429, §15 [c].)

"§ 95. Legitimation by marriage of parents.

"In any and every case where the father and mother of an illegitimate child, or children, shall enter into the bonds of lawful wedlock, or shall heretofore have entered into the bonds of lawful wedlock, such child or children shall be legitimated for all purposes of inheritance by, from, or through such child or children, under the provisions of this act, as if he or they had been born during wedlock of his or their

parents. (1917, June 7, P.L. 429, § 16 [d].)"

An earlier Pennsylvania statute, the Act of May 14, 1857, P.L. 507, which was superseded by the 1917 statute above set out, provided as follows:

"That in any and every case where the father and mother of an illegitimate child or children shall enter into the bonds of lawful wedlock and *cohabit*, such child or children shall thereby become legitimated, and enjoy all the rights and privileges as if they had been born during the wedlock of their parents."

Thus, it may be observed that the Act of May 14, 1857, supra, required not only marriage, but marriage and cohabitation, to legitimate an illegitimate child for the purpose of inheritance, while the 1917 revision of the act, supra, required only the marriage of the father and mother of the child. In this case neither of these statutes was complied with, and there was, therefore, a total failure of legitimation under the laws of the state of Pennsylvania. See Sollinger's Estate, Superior Court of Pennsylvania, vol. 40, p. 3.

But the plaintiff introduced in evidence an authenticated and certified copy of a bond signed by DeVern Vensel, indemnifying Venango county, Pennsylvania, against any cost or expense for the maintenance or education of said child; and this was offered as proof that he had, in writing, acknowledged himself to be the father of said child, and that the execution of said bond was an act of legitimation which satisfied the requirements of Title 84, sec. 215, O. S. 1941, for the purpose of inheritance, which provides as follows:

"Every illegitimate child is an heir of the person who, in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; . . ."

The bond, as originally drafted, contained a recital that might have been construed as an admission of paternity of the child, but this reference to paternity was stricken before the bond was executed. It appears that the stricken portion was scratched out with a pen and was enclosed by brackets to separate it from the remaining portions, and at the bottom of the instrument appears this notation: "The above lines in brackets (— — — —) erased before signing. s/J. H. Osmer." The elimination of the only language in the bond which could have been construed to throw any light upon the parentage was an affirmative act on the part of the deceased denying, rather than admitting, paternity of the child.

Under the rule applied in the early Oklahoma case of Holloway v. McCormick, 41 Okla. 1, 136 P. 1111, the bond in question here clearly fails to meet the requirement of our statute, in that the written instrument, although signed in the presence of a competent witness, and under circumstances which culminated in the arrest and indictment of decedent upon complaint of the mother of said illegitimate child, does not contain an acknowledgment by said decedent that he was the father of said child; and this is a prime and fundamental requisite of the statute under which the plaintiff claims the right of inheritance. In Holloway v. McCormick, supra, this court reviewed decisions from other states having statutory provisions similar to ours on this question, and followed those decisions in laying down the rule of construction for our own statute.

The latest expressions of this court on this question, in Burns v. Lawson, Adm'r, et al., 188 Okla. 181, 107 P. 2d 555, confirms the views expressed in the foregoing authorities.

Considering the plain and unambiguous language of the statute and the reasoning of the cases referred to herein, the writing relied on to constitute an acknowledgment of paternity of the plaintiff, DeVern Vensel Doty, is clearly insufficient.

Judgment affirmed.

WELCH, C.J., and OSBORN, GIBSON, HURST, and ARNOLD, JJ., concur. RILEY, BAYLESS, and DAVISON, JJ., absent.