LAWSON et al. v. BENSON, Gdn.

No. 33029. Feb. 24, 1948.

Rehearing Denied April 20, 1948.

*192 P. 2d 662.*

herit all the property of which Ruble died seized or possessed.

The district court, on trial de novo, rendered judgment in favor of Charles Smith, Jr., which in effect affirmed the judgment of the county court. From this latter judgment plaintiffs in error have appealed. The parties will be referred to as appellants and appellees. Mattie Benson's claim as to the common law marriage having been abandoned, the only issues before the district court in the trial of the case below were (1) parentage by Fred H. Ruble of Charles Smith, Jr., and (2) adoption in accordance with the laws of the State of Oklahoma, Tit. 10, sec. 55, O.S.A., which reads as follows:

"The father of an illegitimate child by publicly acknowledging it as his own, receiving it as such, with the consent of his wife, if he is married, into his family, and otherwise treating it as if it were a legitimate child, thereby adopts it as such, and such child is thereupon deemed for all purposes legitimate from the time of its birth. The status thus created is that of a child adopted by regular procedure of court."

Bruce & Rowan, of Oklahoma City, Primus C. Wade, of Tulsa, and John A. Hibbler, of Little Rock, Ark., for plaintiffs in error.

Harry Seaton, A. H. Thomas, and B. C. Franklin, all of Tulsa, for defendant in error.

BAYLESS, J. Fred H. Ruble died intestate in Hot Springs, Ark., March 12, 1941. This litigation arose in the administration of his estate in the county court of Tulsa county, Okla. After probate proceedings were begun Mattie Benson filed a petition therein claiming that she and her son, Charles Smith, Jr., were the sole and only heirs of the decedent; she as the common law wife of Ruble, and Charles Smith, Jr., as his son. The county court rendered judgment against Mattie Benson as regards her claim, but decreed her son, Charles Smith, Jr., to be the illegitimate child of decedent, adopted by Ruble during his lifetime, and as such entitled to in-

The undisputed evidence disclosed that Fred H. Ruble was during his lifetime an itinerant fortune teller who spent a great part of his time traveling from place to place in the pursuit of his vocation. He was of a light brown color, foreign looking, wore a robe and turban, and called himself "Ali Baba." He acquired property in various places and owned a number of rent houses in Tulsa, Okla. Testimony on behalf of appellee shows that in 1918, he became intimately associated with Mattie Benson, an ignorant Negro girl, fourteen years of age; that they lived together from time to time over the period of years from 1918 until his death. Mattie Benson testified that she had been pregnant three times by Ruble and that their only living child was Charles Smith, Jr., who now claims the estate as Ruble's only heir; that in the year 1926 Ruble secured a room for her in one of his houses, located

at 625 East Independence Place, Tulsa, and later, in 1927 or 1928, moved into said home with her; that they lived there "off and on" from that date until the time of a year after the birth of Charles Smith, Jr., who was born December 29, 1932; that Ruble secured the services of Annie Musgrove, a midwife, to help Mattie Benson at and after the birth of Charles Smith, Jr., that he provided for and treated the child as his own; that he employed Myrtle Piggie to iron his own shirts and to wash baby napkins; and that he told various people on different occasions in and away from home that it was his baby; that he gave another Negro, Charles Smith, Sr., $150 for the use of his name on the birth certificate as the baby's father. Charles Smith, Sr., was a very black Negro and Charles Smith, Jr., claimant to Ruble's estate, was a light color. Approximately eleven witnesses, law enforcement officers, a minister's wife, a teacher, a nurse, a real estate man, a renter, the midwife, Myrtle Piggie, and neighbors corroborated Mattie Benson's testimony as regards Ruble's actions and statements at and near the time of the birth of the baby, and had seen Ruble in the home or had been told by him that the child was his. Photographs of Charles Smith, Jr., and Fred H. Ruble were introduced tending to show they were both of a light color. In addition, evidence was adduced on behalf of appellee to show that there was a family resemblance between them.

Appellants produced several witnesses, some of whom testified that they were good friends of Ruble and knew that he traveled around a lot and owned property and lived elsewhere than Tulsa in the years 1932, 1933, and 1934. Others testified they knew Mattie Benson in 1932 and 1933; that she was living with Charles Smith, Sr., at 625 East Independence Place, Tulsa; and that they thought the child was his. J. H. Goodwin testified he had known Ruble for a number of years; knew that he discontinued his residence in Tulsa in 1924; that he had collected rent for Ruble, but didn't remember who lived at 625 East Independence Place, Tulsa; that after Ruble's death Mattie Benson tried to get a picture of Ruble from him and offered him half the property if he would help her to get it. He also admitted he had told Mattie Benson that he probably could get a compromise from the appellants for her. Estelle Estes stated she was Mattie Benson's neighbor in 1932; that she thought Charles Smith, Sr., was her husband at that time, but didn't think the child was Charles Smith's though Mattie had told her it was. Charles Smith, Sr., testified that he lived with Mattie Benson for a year before the child was born and had moved out three months before his birth; that Mattie Benson had had him arrested twice. He admitted he didn't think the child was his though his name was on the birth certificate; that he didn't receive money from Ruble for the use of his name.

The foregoing is substantially the evidence established by appellants at the trial.

Appellants contend that the issue as formed by the pleadings in the county court and, on appeal was based on a common law marriage but tried on the theory of an adoption under Tit. 10, sec. 55, O.S.A., supra.

The county judge ruled against Mattie Benson on the theory of her being a common law wife of Fred H. Ruble, deceased, and she did not appeal from such adverse judgment. The county court in said hearing did find that Charles Smith, Jr., was the illegitimate child of Fred H. Ruble, deceased, and that the said Fred H. Ruble adopted Charles Smith, Jr., and that said Charles Smith, Jr., was the sole heir of said Fred H. Ruble, deceased, from which judgment appellants appealed.

In the trial before the district court, the record discloses the following discussion:

"The Court: Stipulate, then, at this time that your theory on the trial at this time, trial de novo, is that you are proceeding upon the theory of the adoption of the child by acknowledgment, and the child being legitimatized by the acknowledgment of the child and the receiving of the child into the home by the father? Mr. Seaton: That is correct. The Court: All right, it is so stipulated. Mr. Bruce: We are ready to go to trial at this time, on that issue."

Under the circumstances as above outlined, we do not think the appellants were prejudiced by the so-called change in the issues to be tried, since the county court rendered judgment decreeing that Charles Smith, Jr., was the sole heir by reason of adoption, and on the trial de novo in the district court it is clearly shown what issues were to be tried and appellants announced that they were ready to go to trial on the issues that were actually tried in the district court.

Since the parties knew what issues were to be tried in the district court and both parties announced that they were prepared to go to trial on such issues, we do not think we are justified in reversing the judgment when presumably the same evidence would be re-presented in another trial on amended pleadings.

It is further contended by the appellants that there is insufficient evidence of (1) parentage, (2) public acknowledgment, (3) reception in the home, and (4) treatment of the child as legitimate, to sustain the court's findings that Charles Smith, Jr., was the son of Ruble and that Ruble had adopted said child within the meaning and intent of the statute.

There is ample evidence to sustain the finding of the trial court that Ruble was the father of Charles Smith, Jr.

The evidence disclosed that Ruble maintained several homes in various parts of the country and on different occasions resided in each of them. During the time he resided at 625 East Independence Place, Tulsa, it was his home. It was not error for the trial court to so hold.

In Jones v. Snyder, 121 Okla. 254, 249 P. 313, we said:

"Where the father of an illegitimate child takes such child into his own home, cares for and provides for such child and treats it as his own, and by his acts and conduct manifests acknowledgment that such child is his, such acts and conduct are sufficient compliance with the statute to legitimize such child, whether or not the father in so many words publicly proclaims such child as his."

The case at bar contains all the essentials necessary for legitimation or adoption as set forth in Jones v. Snyder, supra, and in some respects is even stronger in that the child was born in the father's home at a time when the father, though unmarried, was occupying it with the child's mother as his home. Furthermore, the father acknowledged the child as his to various people in the home and away from the home.

In the case of In re Davis' Estate, 169 Okla. 133, 36 P. 2d 471, we said:

"The trial court had the benefit of observing the appearance, manner, and conduct of the witnesses while testifying, and their apparent interest or lack of interest in the outcome of the trial, which elements are denied this court in reviewing the proceedings of the trial court. . ."

In Thompson et al. v. Thompson et al., 177 Okla. 437, 60 P. 2d 615, we said:

"Judgment of the district court, after trial de novo on appeal from order of county court determining heirship, will not be disturbed unless against clear weight of the evidence."

The facts herein are sufficient to comply with Tit. 10, sec. 55, O.S.A., supra, and we are unable to say that the judgment of the trial court is against the clear weight of the evidence.

238

Judgment affirmed.

HURST, C.J., and RILEY, WELCH, GIBSON, and LUTTRELL, JJ., concur. DAVISON, V.C.J., and ARNOLD, J., dissent.