In re LEWIS' ESTATE.
LEWIS et al. v. WOLFE et al.

No. 33145.　May 25, 1948.

*194 P. 2d 174.*

Roy White and Harry B. Parris, both of Eufaula, for plaintiffs in error.

Busby, Harrell & Trice and Wayne H. Lewis, all of Ada, for defendants in error.

BAYLESS, J. Israel Lewis, a full blood Choctaw Indian, died intestate at the approximate age of 85 years, a resident of Pontotoc county, possessed of certain real estate therein, the same being a portion of his allotment and restricted lands. After the death of his wife and son, he and Ada Alford, a Negro woman, made their home together for about 25 years until his death on September 18, 1945. In his later years he was physically incapacitated, and testimony tends to show that his mental condition was weakened.

Ada's daughter, Ida, gave birth to two daughters, Ensie and Ennie Lewis, plaintiffs herein, who claim in this proceeding to be the illegitimate children of Israel Lewis. They further claim to have been legitimized or adopted in accordance with the provisions of 10 O.S. 1941 §55, as well as by an instrument in writing executed by the deceased.

Evidence in behalf of plaintiffs relates that Ida, the daughter of Ada Alford, resided with her mother and Israel for a number of years; that each of them occupied separate beds; and that Israel did not enter into a civil or common law marriage with either of them.

Ida Frazier, daughter of Ada, testified that although she and Israel were never married, when she was in her early teens she and Israel had sexual intercourse a number of times, and as a result thereof two children, plaintiffs herein, were born; that she later married and moved to another home, but the children continued to live with Israel and Ada and were cared for, recognized and publicly acknowledged by Israel as his own. There is corroborating testimony to the effect that the plaintiffs lived with Israel and were treated as his own and acknowledged as such to other people of his acquaintance. Plaintiffs' testimony further shows that Israel made two wills in which he left property to his alleged chlidren, plaintiffs herein, and that both wills were torn up by the probate attorney at the request of Israel. No instrument in writing wherein Israel Lewis acknowledged himself to be the father of plaintiffs was offered in evidence.

Defendants, as cousins of Israel Lewis, denied the allegations of the plaintiffs' petition and assert themselves to be the sole and only heirs of the deceased. Very briefly, defendants' testimony is as follows: Steven Richardson stated that Ida, the mother of plaintiffs, voluntarily informed him that Powell Walton's oldest boy was the father of one of the plaintiffs, and that Joe Alderson was the father of the other. Morris Stick testified that he had occasion to visit the home of Israel Lewis while the plaintiffs were small girls; that Israel told him at that time they were not his children but "maybe belongs to Eddie Johnson". Oscar Coffman testified that the general opinion in the community where the parties lived was that the girls were "woodscolts". Jim Phelps testified he had known Israel for 35 years. He stated that Israel was approximately 60 years old when he first knew him; that he had asked Israel if the girls, plaintiffs herein, were his children, and his answer was, "No," that they belonged to an Indian named Johnson. Harve Farris estimated Israel's age at the time of the birth of plaintiffs at 65 or 70, and also stated that Israel told him they were not his children. Mary Walker stated that she talked to Ida when one of the plaintiffs was a babe in arms and that Ida told her she did not know who was the child's father. This testimony is corroborated in many respects by other witnesses on behalf of the defendants.

The trial court found that the plaintiffs failed to prove (1) parentage, and (2) acknowledgment, and that for the above reasons they could not inherit any part of the estate of which Israel Lewis died seized and possessed, from which judgment plaintiffs appealed.

Construing 10 O.S. 1941 §55, we said in Thompson v. Thompson, 177 Okla. 437, 60 P. 2d 615, that to establish their claim of legitimation under the above

section, plaintiff must sustain the burden of proof of the following elements: (1) illegitimacy, (2) paternity, (3) public acknowledgment, (4) reception into the family with wife's consent, and (5) treatment as legitimate.

The trial court, after having seen the witnesses, determining their credibility, and weighing their evidence, found that plaintiffs failed to prove parentage and acknowledgment; therefore, such findings will not be disturbed by this court on the weight of the evidence. See McGeisey v. Chilcoat, 142 Okla. 251, 286 P. 778, in which we said:

"Where a case is tried by the court without the intervention of a jury upon controverted questions of fact, and there is evidence reasonably tending to support its findings, such findings will not be disturbed on the weight of the evidence."

Also, in Thompson v. Thompson, supra, we said:

"It is a well-settled rule of law in this state that this court will not, on an appeal from the district court in a trial de novo from the county court in a probate matter, disturb the findings and judgment of the trial court on review, unless such findings and judgment are clearly against the weight of the evidence."

In this case we are unable to say that the judgment is against the clear weight of the evidence.

84 O. S. 1941 §215 reads in part as follows:

"Every illegitmate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child. . ."

Its language is plain and unambiguous, and in the absence of proof that the writings in the case at bar were signed in the presence of a competent witness, plaintiffs have failed to bring themselves within its terms. See Burns v. Lawson, 188 Okla. 181, 107 P. 2d 555.

Judgment affirmed.

DAVISON, V. C. J., and WELCH, CORN, ARNOLD, and LUTTRELL, JJ., concur. HURST, C. J., and RILEY and GIBSON, JJ., dissent.