HALL v. WILLIAMS et al.

No. 34030.  March 27, 1951.

*229 P. 2d 584.*

T. J. McComb, Wendell G. Stockton, and Edward Earley, Oklahoma City, for plaintiff in error.

W. H. Lewis and J. K. Wright, Oklahoma City, for defendants in error.

GIBSON, J. Plaintiff in error, Hattie Hall, a minor, by her mother as next friend, instituted this proceeding in the county court of Oklahoma county to contest the will of A. Hall, deceased, theretofore probated therein. The court sustained a demurrer to plaintiff's evidence and entered judgment denying the prayer of the petition. Plaintiff appealed to the district court where the matter was tried de novo, resulting in judgment for defendants, from which plaintiff prosecutes this appeal.

At the time of his death Hall was a widower. By the terms of his will provision was made for the following surviving kindred: Russell Hall, a son; Virgil Williamson, a brother; Lena Williams and Lydia Huckabee, both sisters; and Eddie Williams, a nephew, son of said Lena Williams. The following further bequest was made therein;

"Seventh—I give and bequeath to Gloria Greer, a minor, the sum of One Hundred Dollars ($100.00) to be paid to her mother or grandmother in trust for the said minor child."

Whether Gloria Greer, so named as a beneficiary, may be identified as the person plaintiff, Hattie Hall, is the main question involved on the appeal.

Plaintiff avers in her petition that prior to her birth, and for a long time thereafter, the deceased, who at all such times was single, publicly acknowledged and received her as his own daughter and thereby she was adopted and legitimatized as such. That as such daughter she, as co-heir with the son, was entitled to inherit one-half of decedent's estate. That the omission to provide for her in the will was unintentional and therefore ineffective to exclude her rights as an heir. Therein the will was challenged on other grounds, but a review thereof is not involved on the appeal nor material to its consideration. The issues tendered by the petition were denied generally by defendants, the defendants in error herein.

The assignments of error are presented under the following propositions:

(1) "That Hattie Hall was adopted and legitimatized by public acknowledgment and the acts and conduct of the deceased, A. Hall.

(2) "The court, in determining the right of Hattie Hall, to participate in the estate of A. Hall, deceased, is bound by the four corners of the will.

(3) "The court erred in denying plaintiff in error, the right of trial by jury."

We consider the propositions in inverse order.

The court denied plaintiff's demand for a trial by jury of the issues. Error of the court in so denying is sought to be shown on authority of Stevens v. Rogers, 180 Okla. 305, 68 P. 2d 821. The cited case is not in point nor helpful. The instant proceeding is one in probate and as such is equitable in its nature. In such cases a party is not entitled to a jury trial as a matter of right. And this is true whether such trial is had in the county court or de novo in the district court on appeal therefrom. In either case, the court in its discretion may, for advisory purposes, have a trial by jury of any material question of fact. 58 O.S. 1941 §735; Sam v. Sam, 172 Okla. 342, 45 P. 2d 462; Burns v. Lawson, 188 Okla. 181, 107 P. 2d 555; Cartwright v. Holcomb, 21 Okla. 548, 97 P. 385.

In support of the second proposition attention is directed to the fact that Hattie Hall is not mentioned in the will, that it cannot be gathered from the will that Gloria Greer is the same person as Hattie Hall, and that extrinsic evidence cannot be restored to in order to establish such fact. As authority

310

therefor there is cited In re Revard's Estate, 178 Okla. 524, 63 P. 2d 973; Spaniard v. Tantom, 131 Okla. 75, 267 P. 623, and other cases, all to the effect the intention of a person to disinherit by will his child must appear from the four corners of the will.

The doctrine is not applicable to the issue herein. Those cases involved a construction of Stats. 1931, §1570 (84 O. S. 1941 §132) which contemplates there has been an omission to provide in the will for a child. The question here is whether there has been such an omission and such question must be resolved in the affirmative before the rule invoked could be applicable. The distinction between the factual situation in the Revard case and that in the instant case and a statement of the law considered applicable herein is thus stated in Goodwin v. The New Church Board of Publication, 160 Ill. App. 483:

" . . . There is a difference between leaving out the subject-matter of the devise, and inserting something else by mistake, and a case in which the testator showed upon the face of the will what he had in view but imperfectly expressed it. If a latent ambiguity is raised by proof of extrinsic circumstances, evidence is admissible to explain or make certain what the testator has written to give effect to what is expressed in the will. A misnomer or misdescription of a legatee or devisee, whether a natural person or a corporation, will not invalidate the provision in which it is found, if either from the will itself or extrinsic evidence, the object of the testator's bounty can be ascertained."

The identification of a beneficiary is necessary to effectuate the will. And, where a beneficiary under a will is not designated with sufficient precision, it is a rule of general recognition that parol evidence is admissible to aid the court in the identification. 69 C. J. 151, §1182, and 161, §1187, and cases cited. Such rule is stated in Schouler on Wills, etc. (6th Ed.) vol. 2, p. 1112, §960, as follows:

"But where the language employed is sufficient to enable the court in view of the circumstances to ascertain who was intended the gift will be sustained, considering the circumstances at the time of execution."

It is unnecessary to review the evidence since it is recognized that same is sufficient to establish the fact that the plaintiff is the person designated in the will by the name Gloria Greer. The argument here is solely to the effect that the court was without authority to look beyond the will for the purpose of establishing such identity. The argument must fall by reason of what has been said.·

We have disposed of the case on the contentions made, but in doing so we do not hold that the omission to provide for plaintiff in the will is ground for contesting the will either before or after probate.

Since the legacy in question was to the plaintiff, there was no omission of the testator to provide for her, and the question of her legitimation through acknowledgment and adoption, presented under the first proposition, becomes immaterial.

The judgment is affirmed.