In the Matter of The ESTATE OF E. Jessaline Pasquali RIGSBY, A/K/A Jessaline Pasquali, Deceased.

Betty DORSEY, Appellant,

v.

James Jay PASQUALI and Joe Pasquali, III, Individually and as Administrator of the Estate of E. Jessaline Pasquali, a/k/a Jessaline Pasquali, Deceased, Appellees.

No. 78838.

Court of Appeals of Oklahoma, Division No. 1.

Dec. 8, 1992.

William K. Orendorff, Sallisaw, for appellant.

D. Caly Mowdy, Coalgate, for appellees.

MEMORANDUM OPINION

JONES, Judge:

This appeal is taken by Betty Dorsey, sister of Decedent, Jessaline Pasquali Rigsby, from an order admitting a Holographic Will to probate as permitted under the provisions of T. 58 O.S.1991 § 721 2. The document, as offered, consisted of two pages. The Will, as admitted to probate, consists of a single page.

The error, as urged on appeal, is the failure of the trial court to allow the second page to also be admitted. The purported Will was found by the surviving spouse, Don Rigsby, folded together in a ledger, but not otherwise fastened to each other. Both pages are written in the hand of the Decedent, and are initialled and dated at the top of each page with the same date. One page was signed at the bottom of the writing, leaving approximately two and one-half inches below it blank. This page, the parties agree, exhibits testamentary intent, beginning: "Inasmuch as I do not have a will, I would like to make the following arrangements in the event of my death." The second page, just as the other, is not numbered and does not refer to the first in any way. This page is a simple list of personal property, with each item followed by the name of an individual. Although this page is initialled at the top, it is not signed.

The trial court found that both pages were in the handwriting of the Decedent, with the exception of a notation on each page. Additionally, the Court found the page exhibiting testamentary intent to be signed by the Decedent, and found the other page lacked indicia of testamentary intent. Further, the Court found that neither page referred to the other. From these findings the trial court concluded the signed page to be the Holographic Will of the Decedent, and that it met the three statutory requirements of a holographic will: (1) completely in the handwriting of the Testator; (2) dated; and, (3) signed by the Testatrix, as provided by 84 O.S.1991 § 54. The trial court concluded the altera-

tions or erasures did not invalidate the Will, as the marks were not made at the Testator's direction and the intent of Testator remained evident. The Court further concluded the usual place for a signature in a will is at the bottom, and this location is evidence that at that point the will is complete. Additionally, the trial court concluded the remaining page was not incorporated by reference into the Will, nor did it meet the requirements for a Codicil. As a result, the trial court admitted the page signed by the Testator, and refused to admit the other page to probate.

Appellant raises two points of error here. The first is that both pages offered for probate as a Holographic Will are in the handwriting of the Decedent. The trial court so found, and no issue is raised in reference to the effect of the alterations. This leaves only one proposition to be discussed here, and that is do the two pages together constitute a valid holographic testamentary disposition of Decedent's property.

The right to dispose of one's property by will is purely statutory. The Courts generally adhere strictly to statutory provisions regarding the execution, interpretation, and probate of wills. This rule is said to be especially true in the case of holographic wills. Thus, where the instrument offered consists of more than one sheet of paper, it must be made clearly apparent the testator intended that together they should constitute the last will and testament of the testator. *In re Paull's Estate*, 208 Okl. 195, 254 P.2d 357 (1953).

The first page of the offered Will, admitted to probate, is dated and signed and appears to be complete as a single page. It makes no mention of a list such as the second offered page. There is no reference in either page to the existence of the other page. Additionally, the second page conflicts in part with the first page. An example of the conflict is the division of Decedent's jewelry. The first page divides the jewelry between her two boys and her sister. The second page gives the Indian jewelry lock box to Joe and Jay and Betty L., and the remainder of the whole estate is to be sold with the proceeds going to Don Rigsby. Additionally, the first page requests the money she has in the bank is to pay for horse breeding and boarding bills and futurity fees, while the second page gives the cash to Don. The second page could easily be interpreted as a work sheet listing Decedent's assets as a preliminary step before drafting the first page.

Accordingly, under the rule announced in *In re Paull's Estate*, supra, the trial court did not err in concluding the first page alone constituted the complete Holographic Will of the Decedent, inasmuch as it does not clearly appear the second page was intended to be included with the first. On appeal, this Court will not disturb the findings and judgment of the trial court unless the findings and judgment there made are clearly against the weight of the evidence. *In re Paull's Estate*, supra. Our examination of the record demonstrates that under this standard the trial court's judgment is free of any such infirmity, and accordingly, the judgment is affirmed.

AFFIRMED.

ADAMS, P.J., and GARRETT, J., concur.