1999 OK CIV APP 63

**In the Matter of the ESTATE OF Virgie FOREMAN.**

**George Foreman, Jr., Plaintiff/Appellee,**

v.

**Tom Foreman, Defendant/Appellant.**

**No. 91,070.**

Court of Civil Appeals of Oklahoma, Division No. 3.

May 18, 1999.

Nancy A. Martin, Checotah, Oklahoma, For Appellant.

Fred P. Wendel, Eufaula, Oklahoma, For Appellee.

## OPINION

GARRETT, Judge:

¶1 Appellee, George Foreman, petitioned the court for Letters of Administration on the estate of his mother, Virgie Foreman, deceased. Appellant, Tom Foreman, offered a five-page instrument as the holographic will of Virgie Foreman, prayed that it be admitted to probate, and that Letters of Administration With Will Annexed be issued to him. Tom and George are twin brothers. They are the only heirs at law of Virgie Foreman. The court held that the instrument did not meet the statutory requirements for a holographic will and denied its admission to probate. The court appointed George as Personal Representative. Tom appeals.

■■■ ¶2 A holographic will must comply with the statute. *Matter of Estate of Rigsby*, 1992 OK CIV APP 165, 843 P.2d 856. The statute, 84 O.S.1991 § 54, provides:

> "A holographic will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and may be made in or out of this state, and need not be witnessed."

The alleged holographic will consisted of five pages. The first sheet is not signed or dated.[1] The second sheet is signed, but not dated. The third sheet contains a signature and a date, but does not appear to relate to the first two sheets. The date appearing on the third sheet was subsequent to the appointment of a guardian for Virgie Foreman. 84 O.S.1991 § 41(B), as effective on that date,[2] provided:

> B. The appointment of a guardian or a conservator does not prohibit a person from disposing of his estate, real and personal, by will; provided, that when any person subject to a guardianship or conservatorship shall dispose of such estate by will, such will must be subscribed and acknowledged in the presence of a judge of the district court. Subscribing and acknowledging such will before a judge shall

not render such will valid if it would otherwise be invalid.

There was no evidence the above statute was followed. The fourth sheet, does not contain a signature or a date. The fifth sheet is a copy of a pharmacy receipt, does not contain a signature or a date, and was not written in the hand of the alleged testator.

¶3 As the Court said in *Matter of Estate of Rigsby, supra*, (relying on *In re Paull's Estate*, 1953 OK ——, 254 P.2d 357):

> The right to dispose of one's property by will is purely statutory. The Courts generally adhere strictly to statutory provisions regarding the execution, interpretation, and probate of wills. This rule is said to be especially true in the case of holographic wills. Thus, where the instrument *offered consists of more than one sheet of paper, it must be made clearly apparent the testator intended that together they should constitute the last will and testament of the testator.* (Emphasis added).

The sheets of paper appear to constitute multiple documents, some of which were dated and some were not. The last date was on the third sheet and Tom contends it ties the pages together. We cannot agree because the provisions of § 41(B) invalidate that argument.

■ ¶4 Tom contends it was error for the court to refuse to appoint him as administrator of his mother's estate because he was equally entitled to Letters of Administration. 58 O.S.1991 § 122 provides, in pertinent part:

> Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:
>
> 1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.
>
> 2. The children.
>
> · · ·

There was no surviving spouse. George and Tom were equally entitled to be appointed

---

1. Tom contends that the first sheet was dated, but that some unknown person blotted out the date.

2. Section 41(B) was later amended, but the amendment did not change the applicable portion.

administrator of her estate. The trial judge said the evidence revealed they could not work together and the evidence also showed that George had maintained his mother's property during her guardianship and had increased the value of the estate. Tom had presented evidence in an attempt to prove that George had mismanaged the estate during the guardianship. The court weighed the evidence, found that appointing George would serve the best interest of the estate, and appointed him as Administrator.

¶ 5    58 O.S.1991 § 124 provides:

When there are several persons equally entitled to the administration, the court may grant letters to one or more of them; and when a creditor is claiming letters, the court may, in its discretion, at the request of another creditor, grant letters to any other person legally competent.

In the case of *In re Paull's Estate*, 1950 OK ——, 254 P.2d 357(relying on *In re Lewis' Estate*, 1948 OK ——, 194 P.2d 174), the Court said:

This court will not, on an appeal from the district court in a trial de novo from the county court in a probate matter, disturb the findings and judgment of the trial court on review, unless such findings and judgment are clearly against the weight of the evidence.

¶ 6    Tom's argument that he was equally entitled, by statute, to Letters of Administration, that the right to Letters follows the property, and the court erred as a matter of law, when he was not appointed Co–Administrator, is not totally lacking in merit. However, under the circumstances of this case, we cannot say that the trial court abused its discretion, that the appealed orders were contrary to the clear weight of the evidence, or that an error of law was committed.

¶ 7    AFFIRMED.

JOPLIN, J., and BUETTNER, P.J., concur.